ALTENBERND, Judge.
Erica Buhrke, the mother of a three-year-old child, appeals an order modifying a final judgment of paternity. The order grants the father, Michael Douglas’s petition for modification of the final judgment and gives the father two additional days and four nights of visitation per month with the child, who has recently been diagnosed with a very serious illness. The order was entered after an evidentiary hearing on the father’s request for emergency temporary relief. The mother argues that the entry of this order, which purports to grant the petition for modification, violated her rights to due process because the evidentiary hearing was noticed as a hearing for temporary relief, not a final hearing on the petition for modification.
As the father concedes, the trial court’s order entered on April 29, 2005, should not have been designated a final order. At the evidentiary hearing both parties clarified, and the court acknowledged, that the hearing was solely related to a request for temporary relief. The order describing the hearing as a final hearing was prepared by the mother’s trial counsel.[1] Thereafter, the mother’s trial counsel filed a pleading indicating that the court “conducted a full evidentiary hearing on the [father’s] Supplemental Petition for Modification of Visitation.” Thus, the confusion in this case is not entirely attributable to the father.
Because the order on appeal is designated as a final order rather than a temporary order as intended, we reverse the order and remand with directions to enter a new order indicating that the relief is temporary pending a final hearing on the father’s petition for modification of visitation, where the issues can be fully developed. The temporary modification of the visitation authorized by the trial court was appropriate under these urgent circumstances.
Reversed and remanded with instructions.
SALCINES, J., and DAKAN, STEPHEN L., Associate Senior Judge, Concur.

. The mother’s trial counsel is not her counsel in this appeal.